**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| STRONG, MICHAEL S. | ) | |
| | ) | CASE NO. 04-27106 JHS |
| | ) | |
| | ) | JUDGE JOHN H. SQUIRES |
| Debtor(s) | ) | |

**NOTICE OF FILING OF THE TRUSTEE'S FINAL REPORT, HEARING ON
APPLICATIONS FOR COMPENSATION, AND HEARING ON THE ABANDONMENT
OF PROPERTY BY THE TRUSTEE)**

TO the Debtor(s), Creditors, and other Parties in Interest:

1.      NOTICE IS HEREBY GIVEN that the Trustee of the above captioned case has filed a Trustee's Final Report and final applications for compensation. A hearing will be held.

>       At:    U.S. BANKRUPTCY COURT
>              219 S DEARBORN, COURTROOM 680
>              CHICAGO, ILLINOIS 60604
>
>       on:    **July 24, 2007**
>       at:    **10:00 a.m.**

2.      The hearing will be held for the purpose of ruling on any objections to the Final Report, ruling on applications for compensation and expenses and any objections to the pending applications and transacting such other business as may be properly notices before the Court. ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3.      The Trustee's Final Report shows total:

   a. Receipts                                    $         12,147.80

   b. Disbursements                               $          5,768.25

   c. Net Cash Available for Distribution         $          6,379.55

4.      Applications for administration fees and expenses have been filed as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses Now Requested |
|---|---|---|---|
| Trustee | $ 0 | $ 1,964.78 | $ |
| Trustee | $ 0 | $ | $ 5.62 |
| Mandell Menkes LLC Attorney for Trustee | $ 5,750.00 | $ 0.00 | $ 0.00 |

5. In addition to the fees and expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in full for there to be any dividend to general unsecured creditors. The priority dividend is anticipated to be 0.00%.

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|

6. Claims of general unsecured creditors totaling $73,190.52, have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The general unsecured dividend is anticipated to be $6.02%.

Allowed general unsecured claims are as follows:

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|
| 1 | IMC Financial | $ 30,369.09 | $ 1,829.50 |
| 2 | Asset Acceptance LLC | $ 257.65 | $ 15.52 |
| 3 | Citibank | $ 11,387.04 | $ 685.98 |
| 4 | Cavalry Portfolio Services, LLC | $ 10,629.48 | $ 640.34 |
| 5 | Midland Credit Management Inc | $ 7,892.88 | $ 475.48 |
| 6 | Midland Credit Management Inc | $ 12,654.38 | $ 762.33 |

7. Proposed dividends are approximations. Actual dividends may differ due to interest accrual, fee reductions, or as ordered by the Court.

8. The Trustee's Final Report and all applications for compensation are available for inspection at the office of the Clerk of the Bankruptcy Court, Dirksen Federal Courthouse, 219 S. Dearborn Street, 7th Floor, Chicago, Illinois 60604, or may be viewed on the Court's web site, *www.ilnb.uscourts.gov*. If no objections are filed, the Court will act on the fee application(s) and the Trustee may pay dividends pursuant to Federal Rule of Bankruptcy Procedure 3009 without further order of Court.

9. Debtor has been discharged.

10. The Trustee proposed to abandon the following property at the hearing: cash on hand of $100; furniture that the Debtor valued at $500; books that the Debtor valued at $800; wearing apparel that the Debtor valued at $500; sports equipment that the Debtor valued at $50; a life insurance policy which the carrier reported had a cash value of slightly over $800; a MetLife life insurance policy that MetLife reported had a cash value of approximately $1,200 and against which the Debtor applied a corresponding amount of his exemption under 735 ILCS 5/12-1001(b); a term life insurance policy with a value of 0.00; a savings account at the Wayne Teachers FCU with a zero balance; an IRA that the Debtor

valued at $4,800; computer equipment that the Debtor valued at $600; and tools that the Debtor valued at $200.

Dated: **June 21, 2007**  For the Court,

By: **KENNETH S GARDNER**
Kenneth S. Gardner
Clerk of the United States Bankruptcy Court
219 S. Dearborn Street, 7th Floor
Chicago, IL 60604